Verne WILSON, Plaintiff,

v.

**SIBLEY MEMORIAL HOSPITAL,**
**Defendant.**

**Civ. A. No. 1851–71.**

United States District Court,
District of Columbia.

April 3, 1972.

R. Bruce Keiner, Jr., Washington, D. C., for plaintiff.

Thomas M. Raysor, Washington, D. C., for defendant.

## MEMORANDUM AND ORDER

AUBREY E. ROBINSON, Jr., District Judge.

Jurisdiction of this action is founded upon the provisions of Title VII of the Civil Rights Act of 1964, Section 706(f), 42 U.S.C. § 2000e–5 (1971) where it is said, "Each United States district court . . . . shall have jurisdiction of actions brought under this subchapter." The Plaintiff, Verne Wilson, is a registered male nurse, a member of the Professional Nurses Registry in Washington, D. C., and a member of the Board of Registrars of the Professional Nurses Official Registry. Plaintiff asserts that the Defendant, Sibley Memorial Hospital, on two separate occasions, refused to permit Plaintiff to attend to female pa-

tients in violation of Title VII of the Civil Rights Act of 1964.

Defendant, Hospital, filed a Motion To Dismiss Complaint And/Or Motion For Summary Judgment. This Court considered this Motion and its accompanying briefs and affidavits as a Motion For Summary Judgment. [Rule 12(b), Federal Rules of Civil Procedure] The Court, having requested the filing of complete statements of material facts by the respective parties, finds that the facts of this case are not genuinely in dispute. The Court has considered all the pleadings submitted, and the respective parties' statements of fact.

The Court finds that Plaintiff, on February 12, 1968, and June 20, 1969 was refused employment opportunities because of his sex. Plaintiff duly complained to the District of Columbia Council on Human Rights. The charges of sex discrimination were filed with the Equal Employment Opportunity Commission (EEOC) within the jurisdictional time limitation prescribed by Title VII. The Commission made the requisite attempts at voluntary conciliation. Finding these attempts unsuccessful, EEOC issued Plaintiff notice of his right to sue, and this suit was filed within the requisite thirty day limit. [42 U.S.C. § 2000e–5(e) (1971)]

■■ Defendant substantially bases its Motion To Dismiss Or For Summary Judgment on the question of whether Plaintiff is an "employee" within the meaning of Title VII. [42 U.S.C. § 2000e(f) (1971)] The question of whether Mr. Wilson is an "employee" of the hospital is not germane to our decision on the merits. A person need only be an aggrieved person to file a charge with the Equal Employment Opportunity Commission, and to later bring suit before a United States District Court. [42 U.S.C. § 2000e–5 (1971)] "An aggrieved person obviously is any person aggrieved by any of the forbidden practices." [Hackett v. McGuire Brothers, Inc., 445 F.2d 442, 445 (3d Cir. 1971) and note accompanying text.] This

Plaintiff fits within the description of an aggrieved person. The Defendant does not deny that it prevented Mr. Wilson, on two separate occasions, access to care for female patients to whom he was assigned by the Professional Nurses Registry.

The Professional Nurses Registry assigns nurses on its list to job opportunities as requests are phoned in by hospitals or individuals. The assignments are made by the Registry in a non-discriminatory fashion. If a particular request is conditioned upon the assignment of a nurse that is of a certain sex, race, religion, or national origin, the caller is informed that the request will not be honored, and the call not accepted. Nurses are assigned on a first come first serve basis. The patient, when the nurse arrives to render services, may "reject" the assigned nurse for no reason, and request the assignment of another nurse. The patient, however, is required to remunerate the "rejected" nurse for the services that were to be rendered had the nurse been accepted by the patient for that day. In this respect, an individual may discriminate, but he must pay for the services that would otherwise have been rendered.

■ In this case, Mr. Wilson was assigned on two separate occasions, by the Registry, to render services to two patients, both of whom were female. Mr. Wilson, on both occasions when he appeared on the hospital floor to render service to these patients, [but before the patients had opportunity to accept or "reject" said services], was informed by the hospital staff nurses that he could not work for these respective female patients because he was a male.

The hospital staff nurses accomplished on the floor of the hospital what neither the hospital nor the patient could obtain by phone from the Registry. The hospital, when it originally phoned in the request for services to the Registry, could not limit its request for nurses as to sex. Furthermore, due to Mr. Wilson's "rejection" by the hospital staff nurses,

as opposed to a "rejection" by the patient, he was unable to receive payment of any kind that he would normally have received had it been the patient who "rejected" his services. The system of the Professional Nurses Registry is created to prevent this very type of discrimination. The hospital should not be permitted to circumvent the deliberate safeguards against discrimination that have been established. The action of the hospital staff nurses on the floor of the hospital is nothing more than avoidance of such established safeguards.

In a decision of the Equal Opportunity Commission concerning the subject matter of this very complaint, and dated December 24, 1970, it was found that reasonable cause existed to believe that Sibley Memorial Hospital violated Title VII of the Civil Rights Act of 1964 as alleged. This Court completely agrees with this initial finding by EEOC and *sua sponte* grants Summary Judgment in favor of the Plaintiff, Verne Wilson.